54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marie SAENZ-MILLER, Plaintiff-Appellant-Cross-Appellee,
v.
CITY OF ALBURQUERQUE, a municipality in the State of New
Mexico; Mark Wilson, Sergeant; P. Dunworth,
Lieutenant, Defendants-Appellees-Cross-Appellants.
 No. 93-2253.
 United States Court of Appeals, Tenth Circuit.
 May 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Following a bench trial, the district court entered judgment in plaintiff's favor on her claims based on the Pregnancy Discrimination Act (PDA), 42 U.S.C.2000e(k), as part of Title VII, 42 U.S.C.2000e--2000e-17, but ruled against her on her claims brought under 42 U.S.C.1983. The district court awarded plaintiff only equitable relief, and denied her claims for compensatory and punitive damages and a jury trial provided by the Civil Rights Act of 1991, 42 U.S.C.1981a(b) & (c)(Act), holding the Act was not applicable retroactively to defendant's preenactment conduct. Plaintiff appeals the ruling on the Act's retroactivity. In their cross appeal, defendants challenge the district court's findings of fact and conclusions of law underlying the judgment against them on plaintiff's PDA claims.
 
 
 2
 This appeal was abated pending the Supreme Court's resolution of the Act's retroactivity. In Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994), the Court held that the provisions of the Act providing for compensatory and punitive damages and a jury trial shall not be applied retroactively to conduct occurring prior to the Act's effective date of November 21, 1991. Id. at 1505-06, 1508. Defendants' conduct in this case occurred prior to that date. Accordingly, the district court's order denying plaintiff's claims for compensatory and punitive damages and a jury trial will be affirmed.
 
 
 3
 Turning to defendants' cross appeal, the parties are familiar with the facts; we do not recite them here. The issues were tried to the court, evidence was taken, and the district court evaluated the evidence and the witnesses' credibility. We review the district court's findings of fact for clear error; its conclusions of law are reviewed de novo. Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir.1994). Based on our review of the trial record, we find no reversible error in the district court's findings and conclusions.
 
 
 4
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument